IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY MERRILL BERRY, 579293, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1954-D |
| ) | ECF |
| NATHANIEL QUARTERMAN, ) | |
| Director TDCJ-CID, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

Petitioner challenges the revocation of his mandatory supervision. Petitioner was convicted of attempted voluntary manslaughter, enhanced with a prior felony conviction. *The State of Texas v. Bobby Merrill Berry*, No. F90-05125-UW (363rd Jud. Dist. Ct., Dallas County, Tex., Feb. 20, 1991). Petitioner was sentenced to twenty years confinement.

On November 9, 2004, Petitioner was released to mandatory supervision. On July 15, 2005, Petitioner's mandatory supervision was revoked and he was returned to custody.

After exhausting his state remedies, Petitioner filed this federal petition. He argues: (1) the hearing officer was not neutral and detached; (2) he did not violate the terms of his supervised release when he removed his electronic monitor; and (3) the Board of Pardons and

Paroles ("Board") improperly combined two mandatory supervision requirements to create a violation of supervision.

## II. Discussion

**1.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this

case is subject to review under the AEDPA.

**2.     Revocation**

In *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), the Supreme Court set out the following minimum requirements of due process for revocation hearings: (1) written notice of the claimed violations; (2) disclosure of the evidence against Petitioner; (3) opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (5) a "neutral and detached" hearing body such as a traditional parole board; and (6) a written statement by the factfinders as to the evidence relied on and the reasons for the revocation. *Id.* at 489.

In this case, Petitioner argues he did not have a neutral and detached hearing officer because the hearing officer stated during the revocation hearing that Petitioner should have been charged with five additional violations of his release. The officer also found that Petitioner violated the conditions of his release when he removed his electronic monitor. Petitioner has not shown that the hearing officer's decision to rule against him renders the officer non-neutral. Further, the Supreme Court has found that a "traditional parole board" constitutes a neutral and detached hearing body. *Id.* In this case, although the hearing officer and the parole officer recommended revocation of Petitioner's supervised release, the decision to revoke was made by two members of the parole board. *Ex parte Berry* at 41. Petitioner has failed to show a due process violation.

Additionally, judicial review of a decision to revoke mandatory supervision "is quite circumscribed." *Villareal v. U.S. Parole Com'n.*, 985 F.2d 835, 839 (5th Cir. 1993). Due process

only requires that there be "some evidence" in the record to support the decision. *Id*. A revocation proceeding is not part of a criminal prosecution. *Morrissey*, 408 U.S. at 480. The burden of proof is by a preponderance of the evidence, a considerably lower standard than reasonable doubt which governs criminal trials. *Villareal*, 985 F.2d at 839.

The record shows that the decision to revoke Petitioner's mandatory supervision was based on Petitioner's violations of his conditions of release. First, Petitioner admitted that he removed his electronic monitor and left it at a gas station. (*Ex parte Berry* at 43). On the day that Petitioner removed his electronic monitor, he was supposed to be applying for employment at an auto parts store. (*Id*). Petitioner's parole officer testified that he contacted the store, and was told that Petitioner never showed up. (*Id*). Petitioner also admitted that after removing his electronic monitor he began living on the streets. (*Id*. at 44). The hearing officer found that Petitioner violated the conditions of his release.

Petitioner argues he did not violate the conditions of his release. He states he was only required to wear the electronic monitor for the first thirty days of his supervised release. Petitioner, however, has submitted no evidence that electronic monitoring expired thirty days after his release on supervision. Finally, Petitioner argues the Board improperly relied upon multiple violations of his conditions of release to revoke his supervision. Petitioner, however, has failed to establish that the revocation violates his constitutional rights.

3. **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -4-

and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 16th day of January, 2008.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).